IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PATRICK JACKSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:11cv526-MHT |
| | ) |
| ALABAMA DEPARTMENT | ) |
| OF CORRECTIONS, | ) |
| | ) |
| Defendant. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Patrick Jackson, proceeding *pro se*, brings this action against his former employer, the Alabama Department of Corrections, alleging that the Department discriminated against him by its "[f]ailure to offer or give plaintiff F[ML]A[1] due to a severe motorcycle accident [] [t]hat almost claimed [his] life." (Complaint, ¶¶ 2, 6). Plaintiff seeks back pay and reinstatement. (Id., ¶ 12). He alleges that the wardens of Draper Correctional Facility violated his rights in the following manner:

> Both Wardens of Draper Correctional Facility did not like or care for me. They both were looking for anything to terminate me. On July 6, 2010, I was involved in a severe motorcycle ac[c]ident with an automobile. I was hit on the right side of my motorcycle causing me to crash on the asphalt I was very luck to live and was in serious condition. Both wardens was notified by two supervisors from Draper Prison and they knew that I was involve[d] in a serious accident and they harass[ed] me while out on Doctor[']s care. They did not visit me or call to see how I was doing. All they wanted was my Doctor[']s

---

[1] Plaintiff uses the acronym "FLMA" rather than "FMLA." (Complaint, ¶¶ 6, 9). However, he refers to the defendant's "[f]ailure to give an officer Family Medical Leave." (Id., ¶ 4). It is clear that plaintiff's reference to the "FLMA" is intended to mean the Family Medical Leave Act ("FMLA").

>  excuse for all the days being off work. They did not offer me FLMA due to the situation that I was in and the reason for FLMA.

(Complaint, ¶ 9).

In a motion for summary judgment filed on April 25, 2012 (Doc. # 16), the Alabama Department of Corrections contends that it is entitled to summary judgment on all claims in this case because, *inter alia*, plaintiff's FMLA claim(s) are barred by the Eleventh Amendment. (Doc. # 16, pp. 10-11).[2] By order entered on May 14, 2012, the court allowed plaintiff until June 5, 2012, to respond to the motion and advised plaintiff of the potential consequences of a failure to respond. (Doc. # 17). Plaintiff has filed no opposition to the motion and he has not sought an extension of time to do so. Defendant's motion for summary judgment is due to be granted.

The sole defendant in this case is the Alabama Department of Corrections. (See Complaint, p. 1).[3] The Alabama DOC is an administrative department of the State of

---

[2] In an EEOC charge attached to his complaint, plaintiff claims that he is "the victim of discrimination retaliation based on [his] disability and need for medical leave, in violation of [his] rights under the Americans with Disabilities Act and the Family and Medical Leave Act." (Doc. # 1-1). In his complaint, he identifies "[t]he acts complained of in this suit" as his termination and, also, "Discrimination, Retal[i]ation, Disability and Failure to give an officer Family Medical Leave." (Complaint, ¶¶ 4(4)). However, the *facts* alleged in both plaintiff's EEOC charge and his complaint suggest no basis for a claim under the Americans with Disabilities Act; plaintiff's allegations of fact demonstrate that his claim arises from the defendant's failure to grant him FMLA leave for the period of his recuperation after his motorcycle accident (July through September 2010) and, possibly, retaliation due to his need to take leave for that period and for another brief period after plaintiff had returned to work (September 29, 2010 through October 3, 2010), when plaintiff required leave because he had fallen and injured his knee. Defendant contends that plaintiff brings only FMLA claim(s) in this action (see Doc. # 16, pp. 8, 10), and the court agrees.

[3] Plaintiff sues no official-capacity defendant and has not sought leave to amend his complaint. The deadline for amending the pleadings passed more than three months ago. (See Doc. # 15, ¶ 2).

Alabama, "responsible for administering and exercising the direct and effective control over penal and corrections institutions throughout this state." Ala. Code, § 14-1-1.2. The Eleventh Amendment bars a federal court from entertaining a suit brought by a private party against a state – or one of its agencies or departments – absent the unequivocally-expressed consent of the state to being sued in federal court. Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 98-101 (1984)(citations omitted); see id. at 100 ("[I]n the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment.")(citations omitted). Alabama has not consented to suit in federal court. See Ala. Const., Art. I, § 14 ("[T]he State of Alabama shall never be made a defendant in any court of law or equity.").

"[C]ongress may abrogate the States' Eleventh Amendment immunity when it both unequivocally intends to do so and 'act[s] pursuant to a valid grant of constitutional authority.'" Bd. of Trustees of Univ. of Ala. v. Garrett, 531 U.S. 356, 363 (2001)(citation omitted). However, "... notwithstanding the Supreme Court's holding on the FMLA's family-leave provisions, *Nevada Dep't of Human Resources v. Hibbs*, 538 U.S. 721 (2003), the Eleventh Circuit Court of Appeals has held that Congress failed to abrogate validly the States' sovereign immunity in the FMLA's self-care provisions, which are at issue in this case." Cobb v. State of Alabama, 2011 WL 3666696, *2 (M.D. Ala. Aug 22, 2011)(Thompson, J.)(citing Garrett v. Univ. of Ala. Bd. of Trustees, 193 F.3d 1214, 1219 (11th Cir. 1999), *rev'd on other grounds*, Bd. of Trustees of the Univ. of Ala. v. Garrett, 531

U.S. 356, 374 (2001)[4]; Batchelor v. S. Fla. Water Mgmt. Dist., 242 Fed. Appx. 652, 653 (11th Cir. 2007)(unpublished opinion)). "[The Eleventh Amendment] bar applies regardless of the nature of the relief sought." Pennhurst, 465 U.S. at 100-101 (citations omitted). "Absent a valid waiver or abrogation, Alabama may not be sued in federal court for either money damages or injunctive relief." Cobb, 2011 WL 3666696 at *2 (citing Alabama v. Pugh, 438 U.S. 781 (1978)).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that defendant's motion for summary judgment be GRANTED, and that plaintiff's claims against the Alabama Department of Corrections be DISMISSED for lack of jurisdiction pursuant to the Eleventh Amendment.[5]

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties to this action. The parties are DIRECTED to file any objections to this Recommendation on or before July 12, 2012. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the

---

[4] In Garrett, the Supreme Court concluded that Congress did not abrogate the states' Eleventh Amendment immunity validly as to employment discrimination suits under Title I of the ADA. Garrett, 531 U.S. at 374. Therefore, even if plaintiff had asserted an ADA claim in his complaint (see n. 2, *supra*), that claim, too, would be barred by the Eleventh Amendment.

[5] Because the Eleventh Amendment precludes this court from entertaining plaintiff's claims, the court does not reach the arguments defendant raises on the merits of plaintiff's FMLA claims.

4

Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  Resolution Trust Co. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 29th day of June, 2012.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE